## MOORE *v.* TAYLOR.

Upon appeals from commissioners on insolvent estates, it is within the discretion of the court to allow the creditor to testify in his own favor, as well as to compel him to testify in favor of the estate, upon a proper case made, whether the administrator elects to testify or not.

But the creditor is not entitled, as matter of right, to be thus admitted as a witness in his own favor.

THIS was an appeal from the decision of the commissioner, to examine and allow the claims of the creditors against the estate of Cummings Moore, disallowing in part the claim of the appellant against said estate, consisting of a note made by the deceased, and an account for labor and services. The defendant is administrator upon the estate of said Cummings Moore, deceased.

On the trial the appellant was offered as a witness in support of his claim. The administrator declined to testify, and objected to his admission, but the court allowed him to testify, and the administrator excepted.

A verdict being found for the plaintiff, the defendant moved that it be set aside by reason of said exception, and the questions of law thus raised were reserved.

At the December term, 1861, an opinion was delivered, in which it was held that as the case then stood there must be judgment on the verdict; but, upon motion of the defendant, the action was continued, in order to get the case amended; and subsequently the following amendment was made by the justice who tried the cause:

" The appellant was the first witness called. Afterward, in the course of the trial, it appeared that he was examined under oath by the commissioner, in the absence of the administrator; but that fact was not referred to when the objection to his testimony was made or decided, and the court was not asked to admit the testimony, in the exercise of its discretion, and no reference was made to the statute giving such discretion."

*Cushing*, for the plaintiff, filed the following brief before the amendment of the case:

The statute expressly authorizes the commissioner to examine the party. The court above takes the place of the commissioner. It is the appellate tribunal, and it would be strange indeed if the appellate tribunal could not proceed by the same evidence as the court below. We understand the principle to be distinctly laid down in our own law, that the appellate tribunal must have the same incidental power and rights as the inferior tribunal. *Dyer* v. *Stanwood*, 7 N. H. 261; *Colby* v. *Stevens*, 38 N. H. 191; Comp. Stat., ch. 171, sec. 6.

*Wheeler & Faulkner*, for the defendant, filed an additional brief after the case was amended.

1. According to the intimation of the court in this case at the December term, 1861, the court below might rightfully have refused to permit the appellant to testify. He could not claim, as a matter of right, to be heard as a witness. It was within the discretion of the judge to receive or reject his testimony, as he might deem public policy, or the purposes of justice in this particular case required.

It is apparent, from the case as now amended, that the defendant has lost the benefit of this exercise of discretion on the part of the court, to which he was entitled; that the appellant was admitted as a witness under the impression that the court had no right to reject him, and that there was in fact no exercise of the discretion of the court. The defendant has been deprived of a right. The question as to the expediency of admitting the appellant has never been determined or considered by the court. The defendant asks that he may have a trial, at which the propriety of permitting the appellant to testify shall be determined on a view of all the circumstances of the case.

It is as much an error to refuse to exclude a witness on the ground that the court has no power to exclude him, as to refuse to receive an amendment on the ground that the court has no authority to receive it. *Avery* v. *Bowman*, 39 N. H. 391, and cases cited.

2. The defendant also respectfully asks the court to reconsider the question of the power of the court to admit the testimony of the appellant in such case, the administrator objecting. He claims that sec. 6, ch. 171, and sec. 6, ch. 172, Comp. Laws, so far as they relate to the competency of witnesses were repealed by ch. 1952, 2090, and 2496, of the Pamphlet Laws. The latter are subsequent in point of time to the former, and the provisions of the two are inconsistent, and the established rule of construction in such cases is that the earlier statutes are repealed without express words to that effect. *Sumner* v. *Steward*, 2 N. H. 39; *Leighton* v. *Walker*, 9 N. H. 59; *Daviess* v. *Fairbairn*, 3 How. 636; *Commonwealth* v. *Cromley*, 1 Ashm. 179. Such a construction would seem to be in accordance with the intention of the legislature, as manifested by their repeated action during the last five years. It can not be doubted that, when they abandoned the rule prohibiting parties from testifying, they intended to except those cases in which one of the principal witnesses of the matter in controversy was prevented from testifying by death; but, if the construction which is asked for by the plaintiff should be adopted, the very evil against which it seems to have been the policy of the legislature to guard will remain unobviated in a majority of the cases to which administrators are parties. The construction for which we contend has, moreover, this recommendation, that it prescribes a uniform rule as to evidence in all cases of a similar character; whereas, by the other construction, cases which do not differ in principle are to be tried on evidence of a different character, and a distinction, not founded upon reason or principle, is made.

SARGENT, J. The statute (Rev. Stat., ch. 159, sec. 17) provides that all claims against any estate shall, if required by the administrator, be exhibited under oath, and that a certificate of such oath shall be annexed to such claim, and the form of the oath is given. Comp. Laws 408.

The Revised Statutes (ch. 162, sec. 6) also provide that, in hearings before commissioners of insolvent estates, the commissioner shall have power to swear witnesses; and, if he deems it expedient, to examine on oath the creditor touching any claim exhibited to him for allowance. Comp. Laws 412.

Section 6 of chapter 163 of the Revised Statutes, after provision has been made for appeals from the decision of the commissioner in such cases, and that the creditor should file his declaration in this court, &c., further provides that, " upon such declaration, such pleadings may be made, issues joined, and proceedings had as the court may direct or allow." Comp. Laws 416.

Under provisions similar to the above it was held, in *Dyer* v. *Stanwood*, 7 N. H. 261, that the court had authority to require the creditor on trial to submit to an examination on oath. This power

is held to be an incident to the appeal. That was a case where the plaintiff—the creditor—was called upon by the defendant—the administrator—to testify, and where he refused.

Then, as now, an executor had the right to have every creditor make oath in writing to his demand before he presented it, and then the commissioner might, in his discretion, examine the creditor on oath touching his claim; and the court had the same discretion in examining the creditor on oath as an incident to the appeal.

This was the holding when the law was that parties ordinarily should not testify. But since that time the law in that regard has been changed, and now, by our statutes of 1857 and 1858, all parties are made competent witnesses, with certain exceptions. One exception to the application of this new law of 1857, was, that neither party shall be allowed to testify when the adverse party is an executor or administrator, without the consent of such adverse party. Pamph. Laws, ch. 1952, sec. 3. But in the law of 1858 (Pamph. Laws, ch. 2090), this section of the law of 1857 was repealed, and a new provision was added, that the general provisions of the laws of 1857 and 1858 should not apply to the attestation of wills. Nor shall either party be allowed to testify, or the deposition of such party be used, when the adverse party is an executor or administrator, unless such executor or administrator shall elect to testify himself as a witness, and in such case both parties may testify.

Now it is claimed that this provision is entirely inconsistent with the provision that the court or the commissioner may examine the creditor in the case specified, and that this provision must be held to be repealed by the subsequent legislation on that subject. If this provision, that one party should not testify where the other is an administrator or executor, had been made alone and independent of the rest of the chapter, we should no doubt regard it as inconsistent with the provisions of the former law; and there is no doubt that in such cases the established rule of construction is that the earlier statutes are repealed by the later, without any express words to that effect. *Wakefield* v. *Phelps*, 37 N. H. 295, and cases cited.

But this provision in regard to executors and administrators in the law of 1857 and 1858 is not to be regarded as a separate and independent statute. It is rather a provision to qualify and limit the general provision contained in the first section of these statutes; and the statute of 1861 (Pamph. Laws, ch. 2496), and that of 1862 (Pamph. Laws, ch. 2601), are also to be considered as further limitations and qualifications of the general principle contained in the statutes of 1857 and 1858.

Now the general principle of the laws of 1857 and 1858 is that no person shall be excused or excluded from being a witness, or having his deposition taken and used on the trial, upon the ground of interest in the suit, either as party or otherwise; in other words, to remove the disqualification of interest; and that being effected by the provision of section 1, of these acts, it was thought neces-

sary or expedient to except a certain class of cases, where one party was an administrator or executor, from the operation of that general principle, and leave them to stand just where they did before. That class of cases was not to be affected by the general law, and the object of the statutes of 1861 and 1862 was simply to enlarge that class of cases which should be deemed exceptional, and to which the general principle of the laws removing the disqualification of interest should not apply.

This whole class of cases, then, which is thus excepted from the operation of the general laws, making parties and others interested, competent witnesses, stand just as they did before the law of 1857 was passed; for, although the words of these exceptional provisions are such as that, if these provisions stand alone, they must be considered as repealing whatever laws of an earlier date were inconsistent with its provisions, yet we should not overlook the purpose for which those provisions were introduced, which was simply to except this class of cases from the operation of the general law.

This class of cases, then, where one party is an executor or administrator, standing just as they did before the laws of 1857 and 1858 were passed, we see no good reason why the provision that had been made, and held to apply to those cases, or a part of them, should not remain the same as before, and why the case of *Dyer* v. *Stanwood* is not an authority in point, and why the court may not now in their discretion require the creditor to submit to an examination upon oath, in a case coming by appeal from a commissioner, where the other party must of course be an executor or administrator.

But it may be said that there is now no occasion to thus examine the creditor, because, the executor or administrator being the opposite party, can, by electing to testify himself, and thus placing himself in a position to be cross-examined by the other party, entitle himself to the testimony of the creditor when he desires such testimony for his side of the case.

In the case of *Dyer* v. *Stanwood* the creditor had a note against the deceased, which he could prove without his own testimony, and the administrator desired to compel him to testify, in order that he might prove by him a fact known only to him : namely, that the note was given for lottery tickets, and was therefore void. Under our present statute such an occurrence would not happen, as the administrator would have it in his power to compel the other party to testify in all cases, by electing to testify himself; and the court would not ordinarily, in the exercise of a sound discretion, now compel the creditor to testify for the adverse party, unless the administrator should thus elect to testify, and thus place himself where the creditor could have full liberty to make him a witness upon cross-examination.

But there is no doubt that the court or the commissioner might examine the creditor, and receive his evidence in favor of his claim, in a proper case, as well as in favor of the other party; and there are cases, when, if the discretion exists, it ought to be exercised. For instance, where one party is an administrator, and a suit arises between him and some creditor of the estate, where the contract

was made, or the trade negotiated between the creditor and some agent of the deceased, which agent is still living. By the provisions of the law the administrator, by electing not to testify, could, in an ordinary case, prevent the other party from testifying, though he might call the agent of the deceased to give his account of the whole transaction. Now the reason why the exception was made, that, where one party is an executor or an administrator, and did not elect to testify, the other party should not testify, was to place the parties upon equal footing, and not to allow the living party to a trade or transaction to be a witness in relation to it, when the other party to the same transaction, being dead, can not testify.

Now the case we have supposed, although it would come within the class of cases where one party is an administrator, &c., yet it would not come within the reason for constituting that class of cases exceptions to the general rule. And by the law applicable to appeals from a commissioner on insolvent estates, the court would have the power in such case to do justice, and put the parties on an equal footing, when the literal provisions of the statute applicable in other cases would not give the court that power. It is not only consistent, therefore, to make the distinction which has heretofore been made, in cases of appeal from commissioners, in those cases, but useful. It might be useful to give the courts the same discretionary power in all cases where one party is an executor or administrator, to allow the other party to testify, when the case was clearly one not coming within the principle and reason of the rule on which this class of exceptional cases stands. But the legislature have not given us that discretion except in a certain class of cases, of which the present is one.

We are not of the opinion that in a case like this the creditor has a right to be admitted as a witness in his own favor, either before the commissioner or the court; and ordinarily, as our law now stands, we should not think it a sound and proper exercise of discretion, on the part of either court or commissioner, to hear one party testify in relation to a contract or transaction between him and the deceased, and when there was no other party present, and no one who knew aught of the transaction but the creditor and the deceased; but cases often occur in which the discretion might be properly exercised, as in the one we have supposed.

While, therefore, we hold, as in the former opinion in this case, that it was within the discretion of the court to allow the creditor to testify, if a proper case was made; and that, as the case stood before the amendment, it was to be presumed that the creditor was admitted in the exercise of such discretion, and that there must then be judgment on the verdict, yet we think it can not be held that he has a right to be a witness for himself in all cases coming from a commissioner by appeal; and therefore, that, as the case now stands upon the amendment, the witness having been admitted as a matter of right, without the exercise of that discretion which it was the right of the defendant to have exercised, before the creditor was admitted as a witness, the verdict must be set aside.

The fact that it afterward appeared that the creditor testified

before the commissioner, does not change the result, because the court might have been satisfied, even though the commissioner examined the plaintiff, that it was not a proper case in which they should allow it to be done. One can not exercise a discretion for the other, and the fact that the commissioner thinks proper to admit the party before him as a witness, does not bind the court to do so, any more than the fact that a magistrate should admit an incompetent witness on the trial before him, would bind the court to admit the same witness on a trial here upon appeal.

*A new trial granted.*